IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS,

T.D.P.,[1]

        Plaintiff,

Vs.                                               No. 19-1129-SAC

ANDREW M. SAUL,
Commissioner of Social Security,

        Defendant.

MEMORANDUM AND ORDER

This is an action reviewing the final decision of the defendant Commissioner of Social Security ("Commissioner") that denied the claimant T.D.P.'s application for disability insurance benefits filed on March 24, 2016. The application alleged an onset date of April 14, 2011. The application was denied, initially and on reconsideration, and a hearing before an administrative law judge ("ALJ") ended with a denial of benefits. The Appeals Council denied a request for review, so the ALJ's decision stands as the Commissioner's final decision. The claimant seeks to reverse and remand for a new administrative hearing.

**STANDARD OF REVIEW**

The court's standard of review is set forth in 42 U.S.C. § 405(g),

---

[1] The use of initials is to preserve privacy interests.

1

which provides that the Commissioner's finding "as to any fact, if supported by substantial evidence, shall be conclusive." The court also reviews "whether the correct legal standards were applied." *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010) (internal quotation marks and citation omitted). "It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation omitted). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Id*. (internal quotation marks and citation omitted). The review for substantial evidence "must be based upon the record taken as a whole" while keeping in mind "evidence is not substantial if it is overwhelmed by other evidence in the record." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (internal quotation marks and citations omitted). In its review of "whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases, . . . [the court] will not reweigh the evidence or substitute . . . [its] judgment for the Commissioner's." *Lax*, 489 F.3d at 1084 (internal quotation marks and citation omitted). Findings will not be affirmed by isolating facts and labeling

them as substantial evidence, for the court must scrutinize the entire record to assess the rationality of the Commissioner's decision. *Graham v. Sullivan*, 794 F. Supp. 1045, 1047 (D. Kan. 1992).

**ALJ's DECISION**

The ALJ employed the following five-step sequential evaluation process (20 C.F.R. § 404.1520) for determining a disability application. (Tr. 14-16). The first step is whether the claimant is engaging in substantial gainful activity. Next, the ALJ decides whether the claimant has a medically determinable impairment that is "severe" or a combination of impairments which are "severe." Step three asks whether the claimant's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ at step four determines the claimant's residual functional capacity ("RFC") and then decides whether the claimant has the RFC to perform the requirements of his or her past relevant work. The last step has the ALJ determine whether the claimant is able to do any other work considering his or her RFC, age, education and work experience. For steps one through four, the burden rests with the claimant to prove a disability that prevents performance of past relevant work, but the burden shifts to the Commissioner at step five. *Blea v. Barnhart*, 466 F.3d 903, 907 (10th Cir. 2006).

In his decision, the ALJ found for step one that the "claimant has not engaged in substantial gainful activity since the alleged onset date of April 14, 2011." ECF# 8, Transcript 18. The ALJ's step-two findings were that the claimant has "the following severe impairments: auto-immune impairment manifesting as sicca syndrome (dry eyes), fibromyalgia, obesity, and depression (20 C.F.R. 404.1520(c))." (Tr. 19) He found these impairments to "significantly limit the ability to perform basic work activities." *Id.* At step three, the ALJ found that the "claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." *Id.* The ALJ determined at step four that the claimant retained the following RFC:

> to perform sedentary work as defined in 20 C.F.R. 404.1567(a) with the following limitations: she can occasionally climb ramps and stairs but never ladders, ropes, or scaffolds. She can occasionally balance, kneel and crawl, rarely (less than occasionally but more than never) stoop, and never crouch. She needs to alternate standing to sitting every 30 minutes and alternate sitting to standing every 60 minutes. She has the capacity for simple to intermediate occupations with essentially repetitive task requirements involving only simple and few work-related decisions and relatively few workplace changes.

(Tr. 21). Relying on vocational expert testimony, the ALJ concluded that the claimant was "unable to perform any past relevant work," as a registered nurse (Tr. 27), but that she was "able to perform the requirements of representative unskilled SVP 2 occupations at the sedentary level, such as Order clerk, . . ., Telephone solicitor, . . ., Inspector . . . ." (Tr. 28).

4

Consequently, the ALJ found at step five that the plaintiff was not disabled.

**ARGUMENTS**

<u>Failed to Weigh Properly Treating Nurse Practitioner's Opinion</u>

In making the RFC findings, the ALJ afforded "partial weight" to the medical source statement dated February 15, 2018, from Ruth Busch, an APRN ("Advanced Practice Registered Nurse"). Tr. 21. The ALJ's findings at issue are as follow:

> The undersigned has considered the medical source statement of Ruth Busch, APRN, dated February 15, 2018 (Exhibit 13F). Ms. Busch opined the claimant can lift and/or carry ten pounds occasionally and twenty pounds rarely (Exhibit 13F at 3). She can constantly balance, occasionally twist, rarely stoop and climb, and never crouch or crawl (Exhibit 13F at 3). She can sit one hour at one time and less than two hours total in an eight-hour workday and stand thirty minutes at one time and two hours total in an eight-hour workday and stand thirty minutes at one time and two hours in an eight-hour workday (Exhibit 13F at 3). She needs to shift positions at will from sitting, standing, or walking (Exhibit 13F at 3). She needs to take unscheduled breaks during an eight-hour workday every one to two hours (Exhibit 13F at 4). She is likely to be off task fifteen percent of a typical eight-hour workday (Exhibit 13F at 4). She would be absent three days a month because of her conditions (Exhibit 13F at 4). Again, this opinion is partially consistent with the medical evidence of record, particularly in the claimant's need to alternate between sitting and standing. However, the opinion the claimant would be off task fifteen percent of a typical eight-hour workday is not supported by the medical evidence of record. On the contrary, the record shows the claimant's attention and concentration were normal when she reported increased pain (Exhibit 6F). Thus, this opinion is afforded partial weight. There is no reason to determine claimant likely to be off-task or absent beyond usual employer tolerance as testified to by the Vocational Expert at hearing.

Tr. 21-22. The claimant argues the ALJ's decision fails to give "adequate

reasons for discounting portions" of APRN Busch's opinion, and this failure requires a remand. ECF #9, p. 10. The ALJ "specifically discounted the limitations in off-task behavior and absenteeism" without providing sufficient grounds for doing so. *Id.* at 11. The ALJ also failed to include in the RFC certain limitations opined by Busch that claimant could sit for less than two hours and stand for two hours total in an eight-hour work day. (Tr. 738). Busch also opined that claimant could sit no longer than an hour before changing positions and stand no longer than 30 minutes before needing to sit down or walk around. *Id.* The claimant argues that Busch's opinion on these limitations are consistent with the medical record. Instead of incorporating these limitations in the RFC, the ALJ substituted her finding that the claimant only needed to stand and sit "at will." Nor did the ALJ address any of these time limitations with the vocational expert.

      The Commissioner counters that the ALJ's decision gives sufficient explanation for affording only partial weight to Busch's opinion. The ALJ evaluated her opinion using the applicable regulatory factors even though Busch does not qualify as an acceptable medical source. The ALJ cited medical records confirming her attention and concentration were normal even when she was complaining of increased pain. The ALJ also discussed the medical opinion evidence from the consultative examiner and state agency psychologists that the plaintiff's difficulties with attention or

concentration would not keep her from completing a normal work week. The Commissioner disputes that the ALJ must offer a more detailed explanation as there is enough for the court to follow the ALJ's reasoning and to assess that proper legal standards were applied. The Commissioner characterizes the claimant as wrongly asking this court to reweigh the evidence and choose a different result from the medical record that could reasonably support different conclusions. The Commissioner compares this case to *Smith v. Colvin*, 821 F.3d 1264, 1268 (10th Cir. 2016), where the panel noted that the ALJ considered two conflicting medical opinions on physical restrictions but "arrived at an assessment between the two medical opinions without fully embracing either one." The circuit panel upheld this approach finding no error in the ALJ's decision against incorporating all the limitations expressed by one medical opinion.

The court is aware that the 2017 version of 20 C.F.R. § 404.1502(a)(7) recognizes a licensed advanced practice registered nurse as an acceptable medical source for impairments within the licensed scope of practice. This recent regulation, however, applies only to claims filed on or after March 27, 2017. The plaintiff's claim here was filed in 2016. Thus, the court will follow the established approach outlined from one of its prior decision:

> The ALJ correctly recognized that a nurse practitioner is not an

"acceptable medical source" under the regulations. 20 C.F.R. § 404.1513(a); SSR 06–03p, 71 FR 45593, *45594, 2006 WL 2263437; *Seastrom v. Astrue*, 2012 WL 5499442 at *4 (D. Kan. 2012). The Social Security rules treat opinions from nurse practitioners as evidence from other medical sources. SSR 06–03p, 71 FR at 45594. "Opinions from these medical sources, who are not technically deemed "acceptable medical sources" under … [the] rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file." *Id.* at 45595. "Often, these sources have close contact with the individuals and have personal knowledge and expertise to make judgments about their impairment(s), activities, and level of functioning over a period of time." *Id.* SSR 06–03p establishes that:

> The evaluation of an opinion from a medical source who is not an "acceptable medical source" depends on the particular facts in each case. Each case must be adjudicated on its own merits based on a consideration of the probative value of the opinions and a weighing of all the evidence in that particular case.

*Id.* at 45596. Factors relevant to this consideration include: the nature and extent of the source's relationship to the individual, the source's qualifications and expertise, the consistency between the source's opinion and other evidence, the source's presentation of relevant evidence in support of the opinion, the source's explanation of the opinion, and other factors tending to support or refute the source's opinion. *Id.* at 45595. SSR 06–03p recognizes that the opinion of a medical source may outweigh the opinion of an acceptable medical source when the former "has seen the individual more often than the treating source and has provided better supporting evidence and a better explanation for his or her opinion." *Id.* at 45596.

The plaintiff contends the ALJ overlooked relevant factors in assessing ARNP Nelson's opinion and generally disputes that the other evidence is inconsistent with Nelson's opinion. There is no requirement for the ALJ to identify and discuss each factor separately. SSR 06–03p explains:

> Although there is distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision, the adjudicator generally should explain the weight given to opinions from these "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such

> opinions may have an effect on the outcome of the case.
> *Id.* at 45596. *See Keyes–Zachary v. Astrue*, 695 F.3d 1156, 1163 (10th Cir. 2012). "[T]he ALJ's decision is sufficient if it permits us [the reviewing court] to 'follow the adjudicator's reasoning.'" *Keyes–Zachary*, 695 F.3d at 1164 (quoting SSR 06–03p).

*Meredith v. Asture*, 12-1042-SAC, 2013 WL 474295, at *15 (D. Kan. Feb. 7, 2013).

The ALJ's analysis of Ms. Busch's medical source statement is insufficient in that it fails to give reasons explaining the decision to discount Ms. Busch's opinion as only "partially consistent with the medical evidence of record, particularly in the claimant's need to alternate between sitting and standing." Tr. 22. Nor can this court discern from the ALJ's discussion of the evidence his reasoning for not following Ms. Busch's opinions on the claimant's limitations to sit for one hour at a time and for a total of less than two hours in an eight-hour work day, and her limitation to stand for 30 minutes at a time and for two hours in an eight-hour work day. There is nothing to explain or to support the decision to substitute a sit/stand at will option without any limitations for the limited sit/stand option stated by Ms. Busch. The claimant's reply brief correctly observes that even the Commissioner's response "does not explain what evidence supports or detracts from the majority of Nurse Busch's opinion which addresses [these] physical limitations" and "fails to fill in the blanks left by the ALJ's decision." ECF# 11, p. 2. Indeed, the ALJ's only explanation of Busch's opinion being

"partially consistent with the medical evidence" dealt with the claimant's attention and concentration. The court simply cannot follow the ALJ's reasoning in support of this "partially consistent" conclusion. Specifically, the decision does not address what medical evidence necessarily points to the claimant's ability to sit and stand without limitation for a full day. This court is not free to speculate what medical evidence of record was found by the ALJ to be inconsistent with Busch's limitations on the claimant's ability to sit and stand. *Youngblood v. Astrue*, 2009 WL 4611459, at *5 (D. Kan. 2009).

Nor is the medical evidence of record so apparent as to preclude the claimant's argument for limitations consistent with Busch's opinion. Busch was part of the claimant's treatment team at the Arthritis and Rheumatology Clinic of Kansas. Busch's 2012 treatment notes indicate she knew the claimant worked only part-time and under a work release which included no prolonged sitting or standing. The medical evidence from the treatment records consistently include physical findings corroborating positive trigger points and tenderness, as well as ongoing treatment with pain medications, patches, and injections. While the records show that the different treatment did provide some relief, it generally was no more than temporary and brief. In April of 2013, the claimant was seen for pain after walking, and Busch included in the plan notes about increasing medication and encouraging physical activity but that "walking and constantly

10

stimulating the nerves was not helpful" and stretching was recommended instead. Tr. 410. The medical records from the claimant's treatment by different physicians, including the clinic where Busch worked, evidence ongoing, if not worsening, symptoms affecting her hips and lower extremities that would support significant limitations on her ability to stand, walk and sit for a full eight-hour work day. The ALJ's decision fails to provide a rationale or an evidentiary basis that makes it apparent why he believed the claimant's RFC extended to full-time work. The ALJ's failure to explain why Busch's opinion is inconsistent is not harmless, as the opined limitations would necessarily preclude the claimant from working a full day.

Because the ALJ's discussion of the evidence in the decision does not allow this court to follow his reasoning for discounting Busch's opinion on the physical limitations, a remand is required. The court does not believe this deficiency can be overlooked by simply saying the ALJ's assessment is nothing more than arriving at a difference between two conflicting medical opinions as in *Smith v. Colvin*, 821 F.3d 1264, 1268 (10th Cir. 2016). The ALJ gave only partial weight to the state agency medical consultants, because there was "additional evidence of record," including the "most recent treatment records" showing pain and tenderness and the claimant's complaints of pain and irritation in the hips and legs stimulated by standing and walking. Tr. 21. That the ALJ stated a reason for discounting the

consultants' opinions does not justify presuming the ALJ had a reason to discount Busch's opinion. "[T]his court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself." *Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007) (citations omitted). Without the ALJ explaining what medical evidence is consistent with "full-time" work or is inconsistent with only "part-time" work, the court finds the "speculative" rationale of splitting the difference to be unsatisfactory here. Because the court concludes that the ALJ has not properly evaluated Busch's opinion on limitations, the court is unable to determine that the RFC and the hypothetical question presented are supported by substantial evidence in the record. The claimant may pursue her arguments with respect to these matters on remand.

IT IS THEREFORE ORDERED that the Commissioner's decision denying the claimant's application is reversed, and that judgment be entered in accordance with sentence four of 42 U.S.C. § 405(g) reversing the Commissioner's decision and remanding this case for further proceedings consistent herewith.

Dated this 19th day of November, 2019, Topeka, Kansas.

s/Sam A. Crow_____
United District Senior Judge